United States Court of Appeals for the 11th Circuit. Hear ye, hear ye, hear ye. United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning everyone. Today we have the first case on the calendar is United States of America v. Julius Stevens. We have today on the panel Judge Lanier Anderson who is in Georgia and Judge Stanley Marcus and myself who are both in Florida. Are the lawyers ready to proceed? Yes, your honor. Yes, your honor. Ms. Dreispel, would you like to save some time for rebuttal? Yes, your honor. Four minutes, please. Thank you. You may proceed. Thank you. May it please the court. Tracy Dreispel, Assistant Federal Public Defender, on behalf of Julius Stevens. The parties agree on a lot in this case. We agree that Mr. Stevens was eligible for the imposition of a reduced sentence under the First Step Act of 2018. In light of the Jones decision, Mr. Stevens has conceded that the appropriate penalties after application of the First Step Act and the Fair Sentencing Act would have been a sentence of five to 40 years imprisonment and a mandatory minimum supervised release term of four years. What we disagree about is what the district court actually did in this case and whether the order entered by the district court satisfies the minimum requirements established by the United States Supreme Court. I'd like to begin with why I think the order in this case is simply inscrutable, erroneous, and unclear as to what the district court was doing. The first 14 paragraphs of the order, which is I think 17 paragraphs long, are recitation of historical facts. We really get into the decision in paragraph 15. And what he says in 15 is that in this motion, Mr. Stevens seeks relief under 404. He complains under Apprendi that his statutory maximum should have been 20 years and the guidelines would have been 151 to 188. The judge then rejects that and says, but without the career offender guidelines, his unenhanced guidelines were still 235 to 293. Again, but that is, to be clear, the 1999 guidelines. He's not comparing that to current guidelines. Ms. Treispo, may I ask you a question? I didn't see in the order, did the district court address the terms of the supervised release, how that was changed by the Act, the First Step Act? So what it says in paragraph 16 is even if the First Step Act applied, the court would still a sentence of five years of supervised release. And so there's two problems with that. And the first is that I can't tell from paragraph 15 if the district court recognized that the First Step Act applied or not. And the second problem with that is the court doesn't give any reasons for denying the request to reduce supervised release. And so if I could just go back to why I think paragraph 15 is so inscrutable, really, because he rejects Mr. Stevens argument that Apprendi should apply, which we now know was correct. And then he says as a career offender with the new statutory maximum of 40 years, the guidelines would have been 188 to 235. But the placement of that sentence right after comparison to the old 1999 unenhanced guidelines, suggests to me that what the court was saying is that the new career offender guideline doesn't help him because his guidelines weren't lowered. And that's wrong for two reasons. We know now since Jones that that doesn't matter. Remember, this was issued prior to Jones when a lot of district courts thought that if your guidelines didn't change, you couldn't get relief. And it's also wrong because under 4B1.1, even though we're not challenging that Mr. Stevens was a career offender, the court would still have to compare his current career offender guidelines to his current unenhanced guidelines. Under the one book rule, I don't think there's any precedent for looking at, well, for the career offender guidelines is now lower, but the unenhanced guidelines was higher 20 years ago. So he miscalculated the guidelines and he may have believed that Mr. Stevens was ineligible because his guidelines didn't change. So then we get to paragraph 16, which says even if the First Step Act applied, which is why I think this was an and the court says it would still impose a sentence of five-year supervised release, but that is it. He gives no reasons for rejecting the request to reduce supervised release. Now, the Supreme Court held in Rita and reaffirmed in Chavez Mesa, which was a 3582C2 case, that at bottom as an irreducible minimum, the district court must set forth enough on the record to assure a reviewing court that it has considered the party's arguments and has a reasoned basis for the exercise of its discretion. Let me ask you a question. Would it be enough just to mention the 353A factors? Is that enough? Is the form order sufficient? Is it enough to say, you know, based that we reviewed the 353A factors and the PSI and the decline to exercise my discretion? So that would actually be more than we have in this case, but I still don't think that would be enough. And every case that the government has cited, they cited a number of cases on page 24 of their brief for the proposition that the court doesn't have to go through an accounting of the factors. The majority of those cases, Dorman and Smith, those were initial sentencings where this court could go through the sentencing transcript and oh, well, they discussed this at the sentencing and they discussed that at the sentencing. And so it was very clear maybe the district court in one of the cases had rejected a departure memo. Would it have mattered if the government had responded and you would have a pleading from Mr. Stevens and a response from the government? That would be closer to what the court had in Eggersdorf. In Eggersdorf, the government had responded and the district court referenced the government's response. And so this court found that the district court was adopting the government's counterarguments. Here, as the court is aware, that didn't happen. The judge just denied this the day after it was entered. I guess what I'm trying to figure out is if we were to write an opinion, what would the opinion say? Would it be sufficient for us to say that the district court has to provide enough for the appellate court to have meaningful appellate review? Is that sufficient? Is that enough? I think that is part and parcel of what the court said in Rita and Chavez-Mesa. I noticed going through it again in preparation for argument that the court was really focused on, or at least I was focused on, whether or not the district court responded to the party's arguments. The Chavez-Mesa court mentioned that twice. And so in this case, Mr. Stevens referenced very specific arguments about his post-defense rehabilitation that the C-2 proceedings, because the last one was in 2015. So we've got four more years of good behavior and no violations on 18 months of supervisor lease, which is arguably the most important factor when someone is asking to have their supervisor lease reduced or terminated. And there's no way from this order for this court to find that the district court recognized that and specifically considered that argument. He doesn't even say, yes, Your Honor. Could you tell me how much time he served on supervised release and what remains? Four years or five? He was sentenced to a five-year term. He got out in January of 2018. I wasn't correct in the brief when I said 2019. So he's now done just over two years. He has about two and a half years left. We're coming up to the 50% mark for him. On a five years? On a five-year term, correct. Let me ask you a different question. You argue, among other things, that we ought to say here that the district court was obligated to apply the 3553A factors. In Jones, our formulation is a little bit different. It's in Jones that the district court may consider, among other things, the 3553A factors. You say we should make it mandatory, not precatory. What is there in the language of section 404 of the First Step Act, the Fair Sentencing Act, making this thing retroactive that obligates the district court to consider the 3553A factors rather than he might, among other things, consider it, but he is not obligated to do so? I would note, Your Honor, that there is now a circuit split on that issue. I don't feel that was thoroughly briefed here because the government didn't seem to challenge it. Their argument was that the district court did consider the factors. To answer Your Honor's question, what I meant to say is if the court is inclined to reach that, I would ask for the opportunity to provide additional briefing. If the court looks at a couple of things, first of all, it says the court should impose sentence. 3582A is the instruction for imposing sentence. That 3582A specifically references the 3553 factors. Congress's use of the term impose in 404 would reference back to 3582A, which then brings in the 3553A factors. The reason I raised the question is it's an interesting thing. I might agree with you that it would be a wise thing for a district court to consider the 3553A factors, but Congress did not require it, at least when it wrote 404B. It says a court that imposed a sentence for a covered offense may, not shall, on motion of the defendant impose a reduced sentence as if sections two and three of the Fair Sentencing Act were in effect at the time, blah, blah, blah. Then in C, it has some other provisions among which it says no court shall entertain a motion made under this sentence to reduce if a prior motion had been made and denied. And then the last sentence says nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section. Nowhere in that do they use or say anything about 3553A. So you have to reference back to A and to the term impose. But I guess the problem that I have is it seems to me if Congress would have wanted to make 3553A a requirement, it could have done so. It did so with regard to 3582C2. In those circumstances, it says when there's a modification of the sentencing range lower, the court shall apply the 3553A factors. But here they didn't say that. What am I to infer from that? Well, I think it's implied, Your Honor. And 3582C2 is also much more circumscribed. And so maybe it was necessary for Congress to clarify that the 3582 or the 3553 factors applied there because the district court had much narrower discretion there. You can only reduce it. You can only do it inconsistently with what the commission says. When a court is imposing sentence, it should be implied that the court is considering the purposes of sentencing, particularly as this court has already held that such sentences are to be reviewed for abuse of discretion. How is this court to review that for abuse of discretion if there are no is appropriate, sufficient, and necessary to fulfill the purpose of sentencing without regard to what those purposes are? So I do think that it is implied. It sounds like a very powerful policy argument, and one that I would be inclined from speaking for myself to agree with. The problem I have is that textually, Congress did not choose to do that. And the reason I stop on point is, assuming you're right, that the district court gave us no reasons. And therefore, we cannot exercise appellate review in a meaningful way. And therefore, we have to remand. The question is, do we tell the district court judge, he must consider them, or that he ought to consider them among other things? Well, I think to me to be the pivotal question. Well, I think it should be a must. Because if you say, if you make it precatory, you're going to run into the situation, for example, post-defense rehabilitation, where maybe the district court considers that for some defendants and not for others. So you could run into the disparity problems that the guidelines themselves, and specifically the First Step Act, were designed to remediate. So I would ask the court to make it mandatory. But again, I didn't thoroughly brief that in this case, because the government seemed to concede, not only that it was appropriate, but that it was the government and the government's position that actually happened. Thank you, counsel. We have you have additional time for rebuttal. We'd like to hear now from Ms. Hoffman. Good morning. Morning, Your Honors, Andrea Hoffman, on behalf of the United States. I would start with the premise for this court that this order never states that this defendant is not eligible. And in fact, if the court felt that this defendant, the district court had felt that this defendant were not eligible, you wouldn't have needed the discussion that's in paragraph 15, or the sentences in 16 and 17. So from a starting premise, this court did not, district court, we are not looking at an order in which the district court said the defendant is not eligible. Now we all... Let me just on that point ask you, why then would the court begin paragraph 16 with the words, even if the first step act applied? Why put it that way, if he thought that it did apply? I do agree that that sentence is troubling. What I'm implying, arguing, Your Honor, is that it isn't, he didn't say that he is not eligible. And he did in fact, in paragraph 15, recognize the parameters that make him eligible, which is... But did he really, because he didn't address anything that was filed in the motion. He didn't address, he didn't reference any of the arguments made for terminating supervised release. He doesn't articulate the correct standard for supervised release, that it's no longer five years, but now it's a term of four years. So, I mean, it seems to me that he really didn't look at this as closely as he should have. And I understand the court's point and why you might feel that way. I do think that Ms. Strysvill wanted this court to blow by immediately, 14 paragraphs of this court's order. And I think that those 14 paragraphs are not... But aren't they to some degree, because they're really historical. And the first step act had not yet taken effect. So the last time I think that this was before the trial court judge was in 2015. And in 2015, the first step act wasn't in place. So whatever the historical discussion is, is irrelevant, because in 2015, the first step act was not in place. And that's what the basis of this motion is. Your Honor, I would argue that the history of a defendant isn't irrelevant to the consideration of the first step act. This court in the district court in paragraph 17, expressly stated that it would exercise its discretion and not give this defendant a reduction of its prison sentence, his incarceration sentence, and wouldn't give many credit for any amount of the time that it can proceeded after he had been released from prison. Right, but you concede that in this order, even the district court's articulation of the term of supervised release is erroneous. He referenced it as five years when we know under this first step act, it's not five years. Your Honor, it's not I wouldn't concede that it's erroneous. What I would concede or acknowledge is that this court feels that five years is still the correct term. And even with a reduced term of four years of supervised release, five years would have been an appropriate could be an appropriate decision by the district court. He had the authority to maintain a five year term. How do we know that that he understood that the term of supervised release was now lower? There's nothing in your reference that references that. That point, I would agree with Your Honor. I did what my difference with you, Your Honor, was only in the fact that that he reimposed a five years doesn't mean that he didn't understand. I do agree that the court did not state that the exercise of his discretion incorrect. So that assumes that that assumes that we understand that he knew that he had the discretion to use four years. Absolutely, Your Honor. And if you this court were to determine that you cannot decide that he had that he understood that he had the discretion as he acknowledges in the very next sentence that he has a discretion to affect this sentence. This court correct this court's been on the bench for decades. He understood that the the you can see from paragraph fifteen that he understood that the five fifty to one hundred and fifty three gram quantity agreed to in the plea agreement meant that this defendant was now sentenced within the more than twenty eight grams. He understood that that dropped this from an A offense to a B offense. Eight forty one a one a versus B one B. We know that because he cites the correct statutory maximum. The reason that history is important is that once the court gets to a point of exercising its discretion, when it is the same sentencing judge that originally sentenced the defendant, the prior decisions that this judge has made, that prior analyses that this judge has made and this judge has looked at this defendant eight to nine times about what is the appropriate sentencing parameters for a defendant who was twenty six years old when he was lieutenant manager and enforcer in this major drug organization that had charged six murders related to it. This defendant had been involved in an attempted murder, shooting fifty thirty rounds into a building that had four adults and five kids in it and then confessed to six additional murders, which are not relevant for that. You couldn't have enhanced his sentence for that, but it is relevant for considering his history and this is a defendant at twenty six had ten criminal history points and a violent history of six murders, a seventh attempted murder and involved in an organization which he was an enforcer. This court could appropriately consider all of that. I agree with Miss Hoffman. I agree that if the district judge had so much as said a fraction of what you just said, this would be a very easy case, but for the thirty five fifty three issue, that is to say whether it's mandatory or precatory. The problem is he says none of that. He cites the history, but when he gets to this motion in paragraph sixteen, all he says is even if the first step applied, the court would still impose a sentence of five years of supervised release. How are we to properly conduct a review if we cannot tell with any confidence what it was that led him to reach the conclusion he reached? Your Honor, it's clear from this court's decision in Jones which they dealt with four cases at a single time and examined a variety of methodologies of the district court's ruling that if this court is persuaded that an order is ambiguous, that your decision in the succeeding thirty or more cases that have occurred since Jones is to vacate and remand. So if the court is convinced that this order is ambiguous as to whether the district court understood he had the discretion to affect the supervised release, and since we all concede he didn't have the authority to affect the term of imprisonment, then it would need to go back. My point, your Honor, is that the facts that I just laid out for the court come from the, by bothering, by taking the effort to elucidate those fourteen paragraphs of the history. This he is well familiar with this defendant, that he is current on the history of the entire penalty of this case, and that those are factors that are relevant for him to use in his analysis, and that based on that set of factors that he set the frame for in the first 14 paragraphs, he had a thoughtful and reasoned analysis. And as this court said in, I'm going to say the name wrong, Croteau, C-R-O-T-E-A-U, 819 Fed Third 1293, the court did not have to discuss, expressly discuss, or even give significant weight to the defendant's post-sentencing rehabilitation. You, we reaffirmed that holding in Golden, a case, a 404 first step back case issued in December of this year, of excuse me, December of 20. So the fact that the court didn't specifically discuss that this defendant was out on supervised release and had or hadn't had any term of violation in that supervised release, the court's recognizing that. He recognized it in paragraph 18 when he said, if this guy violates, we'll come back and consider other factors at that point. So the court is aware that he has been out on release and that he has not violated, and that that's a part of the analysis that he can consider. And he's comfortable given that analysis on this post-sentencing factor, given all of the factors that I laid out a moment ago, that are all part of the record that this court knows well, that he wouldn't change this sentence. He said in one of those 3582C2 motions earlier, that even if I believe it was amendment 750 had been applicable, he wouldn't have produced that defendant's sentence, even though it would have changed the guidelines, this defendant's sentence. Because if you go back and read the original sentence, it's the status of being a career offender. It wasn't the fact that something he could take in consideration under Jones, that there was five to 10 kilos of crack involved in this case. He can't take it into consideration for deciding eligibility, but he can for just exercising his discretion. Let me ask you a question that I asked your colleague a little bit earlier. If we were to conclude, and I put it in conditionally, if we were to conclude, A, we can't really tell whether the district judge operated under the assumption that he was not eligible or was, and B, we don't really know why, with any degree of confidence, he simply denied the application. And therefore, C, we would have sent the case back. Ought we to tell the district court judge, as Ms. Drysdale suggests, that he is them among others, but not that he is obliged to consider them? Your Honor, I am firmly in the may category. The Jones opinion was extraordinarily detailed and well thought out and addressed, as I said, four different sets of fact patterns in four different orders in varying degrees of clarity and specificity. And from that lengthy argument and briefing, this court properly felt that the right standard to set for all the district courts was made. And we have reinforced that opinion in multiple. Let me ask you the question more precisely. Do you take that as holding to which we are bound? That is to say, is this an open question or are we required to accept a statement in Jones that the district court may consider the 3553A factors, but not obligated? The reason I ask is, if you really look back at Jones and I have, it isn't really clear that that was an issue in versus shall. And the court wisely said, you may consider it, but that wasn't really what was at the forefront of the debate in any of the four consolidated cases. So it strikes me as an open issue. That doesn't mean Jones was wrong. And from my own perspective, there's nothing in 404B that says anything about, you've got to apply the 3553A factors. It simply says you may impose a new sentence, but am I bound by Jones is what I'm asking. And if the answer is no, why shouldn't we do what Ms. Dryspool was suggesting we do anyway and make it mandatory? Your Honor, I would say that this court is that based on the penalty of cases that have come out since Jones, which have all in this circuit reaffirmed that the standard is may. I believe that this court is, Jones is the only published opinion. Let me be clear. The rest are all unpublished opinions. I'm asking whether Jones obligates me to the conclusion that it's may, or whether it's an open question. I would argue that it does, Your Honor. Jones opinion is setting the standard. It was long needed opinion in this district for determining what the eligibility determinations were. Is it the holding or is it just dictum? Is it central to the decision in that case? I do think it is essential to the decision, Your Honor, because the nature of what was happening in Jones, the courts, the district discernment, Jones set a two-step, it set a multi-tiered step. The analysis and the use of the factors are part of the secondary steps. It may not be the first step, but Jones- Let me ask you a question, Ms. Hoffman, because part of the issue in all of these cases is if the district court doesn't articulate anything or if it articulates a very, it doesn't really give a reason for why it's either exercising its discretion to either grant or deny, but if it doesn't articulate it, is it better for us to articulate a rule that says the district court should have the government respond to these motions so that we then have a, these issues briefed and then the district court can say, I've reviewed the defendant's pleadings and the government's pleadings, and I'm not exercising my discretion or I am exercising my discretion. And at least we have an understanding of what the arguments are, because here we don't really know what the district court judge was thinking or not thinking. I'm sorry, Your Honor, and let me see if I can clarify. Are you asking me is, should the, whatever, if this court were to remand- You know, if we remand and we have to write, I want to know what you think as the government, what is your position? I understand that your position is that you would rather have us articulate the may consider the 353A factors, but I'm not even talking about 353A factors. I just want to know at this point, the district court has to give me some idea of why they've done what they've done, because I need to be able to see, did they exercise their discretion? Clearly the district court has the right to exercise its discretion under 404B, under the First Step Act. The question here is, it's unclear to me that he knew that he could exercise his discretion because it appears to me that really, frankly, he didn't think Mr. Stevens was eligible. That's number one. So that was an error. And you can see that that was error. A determination that he's not eligible would have been error, correct? I agree. So I guess that's my question, which would it be a better rule to have the government respond before ruling? And that is the question I thought you were asking me. I'm not aware of any circumstance, but I didn't research it, Your Honor, where this court has told the district levels that they cannot rule until they've gotten a motion, a response, and a reply, arguably. So I'm not aware of any context in which we've ordered the district court that they'd have to go through those steps. Because a district court that had very simply said, this is the prior statute, this is the current one, these are the statutory maxes and minimums, if the court had said that in a single sentence and then said, and I exercise my discretion not to grant, arguably, that would be enough for this court to decide. Because then you know, without question, what you're concerned about, particularly Judge Lagoa, that he knew it was a four-year minimum versus a five. Ms. Hoffman, let me go back to the question, though, that I was asking. Let's assume we're writing on a clean slate. Is it your view that this statute requires the district court to consider the 3553A factors when deciding whether or not to impose a new sentence? Or is it simply something that he might consider but is not obliged to consider? How do we read the statute, particularly with the words in 404B and in relationship to the surrounding sections? Your Honor, I believe it is a may. I don't think I could articulate it better than the court said it to Ms. Dreisbuehl when you asked her the question. Nowhere in this statute did Congress require that. When it wants to do so, it has very plainly done so, as this court noted in 3582C2. And there is no inclusion of such language in this, nor is this a de novo sentencing, a plenary resentencing, a fresh start. This is a re-examination of something that came before. And I believe that it is a may standard, Your Honor, in face of the language in the statute. Thank you, Ms. Hoffman. I was going to say, I'm over my time. And I thank the courts for listening. And we would ask that you affirm the order. Thank you, Ms. Hoffman. Ms. Dreisbuehl, you have four minutes remaining for rebuttal. Thank you. Thank you, Your Honor. This court is riding on a clean slate. I was one of the lawyers involved in Jones. My recollection is that all four of the defendants were held in a clean slate. And so the question of whether or not the district court's statement of reasons was sufficient didn't come up. We were really arguing over eligibility. I think anything that the court said regarding may or must was dicta in that case. Because when the court did remand two cases, it was because their orders were ambiguous as to whether or not the district court understood its authority before issuing or before, whether or not it's, it was ambiguous as to whether or not it was a discretionary. You may be right that it was dicta, Ms. Dreisbuehl, but I can assure you it was carefully considered. I agree, Your Honor. It may well have been, but the issue did not come up. And I do know there have been several unpublished decisions of this court that have suggested it remains an open issue. So I would ask this court to hold that it is a must. And I think that comparing the absence of the 3553 with 3582 maybe isn't a fair comparison because 3582 really sets forth the general sentencing procedures, whereas 404 was a much narrower, a much more specific. So you're comparing the general to the specific. And when Congress wrote you can impose a new sentence as if the Fair Sentencing Act were in effect, and this court is already held in Denson, you put yourself back in the place and don't change everything else. That incorporates the 3553A factors. There's no other way for a district court to impose a reasonable sentence if it doesn't have some gauge by what to determine that's reasonable. And both this court and the Supreme Court have- Well, you know, for a hundred years, for a hundred years in this country, the district courts have plenary authority to sentence. There was a maximum sentence. And let's say it was a bank robbery, it could sentence between zero and 20. And Congress did not offer an opinion at all to the district court about how to exercise its discretion. So it wouldn't be the first time that a district court was left to its own good judgment and God-given common sense to fashion appropriate sentence. But I don't think that's what Congress was doing here. Because what Congress was doing when it was trying to reach a subset of offenders who had been left out of all of the prior remedial changes that we've made and that the Sentencing Commission made to the crack powder authority. And in each and every one of those cases, those defendants got the benefit of the 3558 factors and maybe their post-offense rehabilitation. It would have been very odd for Congress to pass this massive change by making the Fair Sentencing Act retroactive and trying to reach every crack offender sentenced prior to 2010, and to cabin the district court's authority to where it couldn't even consider factors that the Supreme Court and Pepper have held may be among the most relevant. And particularly when you're looking at somebody 20 years down the road, what Mr. Stevens has done in the past 20 years, and particularly the past 18 months, since he got out of prison, is I think the most relevant factor for the district court to have request. But I would note, regardless of where the court falls on the mayor must, the Supreme Court held in Chavez Mesa at bottom, at an irreducible minimum, the court must make it clear that it is considered the party's argument and had a reason basis for exercising its discretion. So let me ask you this question, assuming we agree with that, that it's basically unclear why he did what he did. And it's unclear from what he wrote, whether he knew Mr. Stevens was eligible or not. And we send it back. We've got to give them some guidance in the process. What are we to say, assuming arguendo that we do not agree with you, that Congress made the review of 3553 a mandatory in this 404 B context, should we simply say, nevertheless, these are factors that are reasonable and the court might consider among others. I think anything else we have to say, I think under Rita and Chavez Mesa, the district court was obligated to make clear that he'd considered Mr. Stevens specific arguments about his post defense rehabilitation. Also, let me ask you a question. So is that sufficient? Is that enough than under Chavez Mesa? Because that's not necessarily a 353 a factor. So I guess the real question is, at the end of the day, is it sufficient just for the district court judge to articulate and to give us what the reason consideration is for his or her exercise of discretion? I think it would satisfy what Chavez Mesa said was the the bottom, the bare minimum, I would ask this court, particularly in light of 404 C, which makes this a one shot deal, you get one chance under the First Step Act, the minimal process of allowing full briefing, and having the district court articulate reasons that this court can then exercise a fair and thorough appellate review. I think particularly when we're talking about a remedial statute that the Sentencing Commission begged Congress for for 20 years, that really is an appropriate and fair use of this court's authority to direct district courts to do. So I would ask that the court send this back and direct district courts both to allow counsel briefing, and to consider the 3553 a factors when ruling under Section 404, the First Step Act. Thank you. Thank you, thank you, Miss Hoffman. Thank you very much. Very good arguments. Have a good day. Thank you.